FILED
SUPERIOR COURT
OF GUAM

2023 OCT 26 PM 1:49

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **ISLAND CHOICE INC.,** | **CIVIL CASE NO. CV0150-22** |
| **Plaintiff,** | |
| **vs.** | **DECISION AND ORDER RE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| **GUAM REEF HOTEL,** | |
| **Defendants,** | |

This matter was scheduled for a hearing before the Honorable John C. Terlaje on July 28, 2023, between Plaintiff Island Choice Inc. ("Plaintiff") and Guam Reef Hotel ("Defendant"), however, the hearing was vacated on July 31, 2023 after both parties filed a Stipulation and summited Motions for Summary Judgment. Defendant moved for Partial Summary Judgment and Plaintiff moved for Summary Judgment, respectively. Razzano Walsh & Torres P.C. represents Plaintiff Island Choice Inc. and Brooks Concepcion Law, P.C. represents Defendant Guam Reef Hotel. After reviewing the record, relevant law, and arguments from the parties the Court finds that both Defendant and Plaintiff successfully proved that there are genuine issues as to material facts and that neither the Defendant nor Plaintiff is entitled to judgment as a matter of law. Defendant's Motion for Partial Summary Judgment is therefore **DENIED** and Plaintiff's Motion for Summary Judgment is also **DENIED**.

## BACKGROUND

Plaintiff sells purified bottled water to commercial enterprises on/X Guam. Comp. ¶ 4 (March 21, 2022). On or about October 29, 21013, Defendant, a Guam hotel, and Plaintiff entered into an agreement. Def. Mot. For Partial Sum. Judgment. ¶ 2 (April 17, 2023). The agreement is titled, "Purchase Agreement" while Plaintiff maintains that it is a "Master Purchase Agreement.") Def. Mot. For Partial Sum. Judgment. ¶ 2 (April 17, 2023) and Pl. Mot. For Sum. Judgment. ¶ 2 (April 17, 2023). The contract provides, in part: "This agreement is valid for one (1) year and continues automatically until the account is officially closed or no water is required for one (1) month... Island Choice shall deliver as many bottles of water as I leave out for pick-up... If my account is referred to a collection agency or an attorney or if suit is filed, I agree to pay an interest of 1% per month, collectors, or attorney's fees and 33 1/3 additional of the account balance. I further understand I will be charged $25.00 for each returned check." Compl., Ex. A. Over the course of several years, the parties continued to enter various agreements.

On March 22, 2014, Plaintiff and Defendant agreed to the "March Water Dispenser Loaner Agreement." Pl. Mot. For Sum. Judgment. ¶ 2 (April 17, 2023). On June 27, 2014, the parties agreed to the "June Water Dispenser Loaner Agreement." *Id.* On October 30, 2015, the parties agreed to the "2015 Metal Rack Agreement." *Id.* On August 31, 2017, the parties agreed to the "2017 Metal Rack Agreement." *Id.* Finally, on or around August 22, 2019, the parties signed the, "2019 Water Deliver Contract." *Id.* ¶ 3. This contract provided the following terms: "Price for 5-gallon bottled water is $5.20 per bottle from August 22, 2019, to August 21, 2021 with a $10.00 bottle deposit, which will be refunded from time to time... In the event that Island Choice increase the price of its 5-gallon purified bottled water customer-wide during the 2-year

2

periods by more than $0.26 per bottle due to increases in minimum wage, inflation, or other factors, Guam Reef Hotel's price will never increase by more than $0.25 per bottle... In return, Guam Reef Hotel agrees to purchase a minimum of 1,000 5-gallon bottles each month. If not, Island Choice Inc. will adjust bill accordingly to meet agreed bottle quantity... This contract is good for two years starting from August 22, 2019 to August 21, 2021 and will be renewed one month before contract expires... The payment term will be 30 days net, as usual for all customers." Def. Mot. For Partial Sum. Judgment. ¶ 3 (April 17, 2023). None of these agreements caused any conflict between the parties until the COVID-19 Pandemic.

On or about March 14, 2020, the governor of Guam issued executive orders mandating social distancing and putting limits on non-essential activities. Pl. Mot. For Sum. Judgment. ¶ 3 (April 17, 2023). Businesses that provided basic food or necessities or "shipped or delivered goods directly to residences" were exempted. GBC Decl. Exs. A and B. As a result of the executive orders, the Plaintiff told Defendant that they would have to pick up water, which the Defendant did, and the Defendant was charged the full price for the water. Pl. Mot. For Sum. Judgment. ¶ 4 (April 17, 2023). Plaintiff billed and Defendant paid for the water that was picked up (or eventually delivered by Plaintiff) until the 2019 Water Delivery contract expired in October 2021. *Id.* Plaintiff then sent an invoice for $52,826.85 for 9,693 6-gallon water bottles. Comple., Ex. G. On March 21, 2022, Plaintiff sued Defendant claiming multiple breached of contract. Clm. (March 21, 2022).

3

## DISCUSSION

Under Rule 56(a) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Flores*, 2004 Guam 25 ¶ 7. Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(a). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 30 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined by the governing substantive law; if the fact may affect the outcome, it is material. However, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). These standards apply to both the Defendant's Motion for Summary Judgment and the Plaintiff's Motion for Partial Summary Judgment.

### A. Regarding Partial Summary Judgment on the "Master Purchase Agreement" and the Alleged Standalone Contracts, There Is a Question of Material Fact

Defendant argues in their Motion for Partial Summary Judgment that the purported "Master Purchase Agreement" stands alone from the other transactions between the parties and is not incorporated into the subsequent water delivery contracts. Def. Mot. For Sum. Judgment. ¶ 5 (April 17, 2023). In their Motion, Defendant contends that the account number for the "Master

4

Purchase Agreement" was closed, and a new account number was established for the subsequent contracts. *Id.* ¶ 8. Further, the text of the subsequent contracts stated that they were, "new." *Id.* ¶ 7. Finally, the subsequent contracts did not incorporate the "Master Purchase Agreement", because they made no reference to it. *Id.* ¶ 8. As a result, Defendant argues that any legal action over the subsequent contracts is not entitled to attorneys' fees and costs as guaranteed by the "Master Purchase Agreement." *Id.* ¶ 9.

Plaintiff argues in response that the "Master Purchase Agreement" applies to every contract between Island Choice and the Reef Hotel because it applies to Reef Hotel's account and not just a single contract. Pls. Opp. To Def. Mot. For Sum. Judgment. ¶ 2 (May 15, 2023). The main evidence alleged in support of Plaintiff's argument is that the Defendant's account number only changed because of a software upgrade, which affected other clients. *Id.* ¶ 5. Finally, Plaintiff argues that Defendant was a sophisticated business on notice that the "Master Purchase Agreement" would apply to Defendant's entire account, and that the question of whether multiple contracts were intended to be elements of a single transaction is one for a jury. *Id.* ¶ 8-9. Given this line of reasoning by the Plaintiff and the dispute about the change of account, we find that there is a dispute of material fact regarding the Motion for Partial Summary Judgment on the "Master Purchase Agreement."

## B. Regarding Summary Judgment on the Breach of Contract Claims, There Remain Questions of Material Fact

In their Motion for Summary Judgment, Plaintiff argues that there is no question of material fact regarding Plaintiff's various breach of contract claims. Pl. Mot. For Sum. Judgment. (April

17, 2023). To establish a breach of contract, Plaintiff must prove, "(1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff." *Hemlani v. Hemlani*, 2015 Guam 16, ¶ 19. Defendant concedes that all five contracts exist but disputes several issues of material fact. Def. Opp. to Pl. Mot. For Sum. Judgment. (May 15, 2023). The breach of contract claims can be separated into three issues: (1) whether the refusal to deliver the water during COVID constitutes a breach, (2) whether the condition of the water dispensers upon return constitutes a breach, and (3) whether the condition of the metal racks upon return constitutes a breach. Pl. Mot. For Sum. Judgment. (April 17, 2023).

Regarding the water delivery, crucially, Defendant argues that it is still in dispute whether Plaintiff is owed attorneys' fees and costs because of the confusion over the "Master Purchase Agreement." Def. Opp. to Pl. Mot. For Sum. Judgment. ¶ 6-8 (May 15, 2023). This Court agrees for the reasons laid out in Section A above. Finally, regarding the condition of the water dispensers and metal racks, Plaintiff argues that Defendant, "cannot defend against summary judgment by simply arguing that questions remain as to what is reasonable wear and tear and what is good condition." Pl. Rep. to Def. Opp. to Pl. Mot. For Sum. Judgment. ¶ 8 (June 19, 2023). This Court disagrees. What is reasonable wear and tear is a matter to be decided by the trier of fact[1] based on applicable guidelines or practices in the water delivery industry. The answer to this question is outcome determinative in this case, making it a material fact.

---

[1] *See Japan Bus Lines, LLC v. HIS Guam, Inc.*, CV514-23, Decision and Order Denying Pl. Mot. to Dismiss First Cause of Action in Defendants' Counterclaim (Aug. 16, 2022) ¶ 6.

## CONCLUSION

Viewing the disputed facts in the light most favorable of the non-moving party, the Court finds that there are questions of material fact and therefore judgments cannot be granted as a matter of law. Accordingly, the Court hereby **DENIES** Defendant's Motion for Partial Summary Judgment and also **DENIES** Plaintiff's Motion for Summary Judgment.

**SO ORDERED**, this 23RD day of October, 2023.

**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

SERVICE VIA E-...
I acknowledge that an electr...
copy of the original was e-mailed t...

Date:_____ Time:_____ 10/26/23
Joseph Bamba, Jr.

Deputy Clerk, Superior Court of Guam